09-4396-ag
Chen v. Holder

BIA
Nelson, IJ
A093 397 420

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of August, two thousand ten.

PRESENT:

DEBRA ANN LIVINGSTON,
GERARD E. LYNCH,
DENNY CHIN,
*Circuit Judges*.

_____

XIONG CHEN,
　　　　*Petitioner*,

　　　　v.　　　　　　　　　　　　　09-4396-ag
　　　　　　　　　　　　　　　　　　NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
　　　　*Respondent*.

_____

FOR PETITIONER:　　　　Zhiyuan Qian, New York, New York.

FOR RESPONDENT:　　　　Tony West, Assistant Attorney
　　　　　　　　　　　　　General, Civil Division; Richard M.
　　　　　　　　　　　　　Evans, Assistant Director; Ann
　　　　　　　　　　　　　Carroll Varnon, Civil Division,
　　　　　　　　　　　　　United States Department of Justice,
　　　　　　　　　　　　　Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Xiong Chen, a native and citizen of the People's Republic of China, seeks review of a September 25, 2009, order of the BIA, affirming the February 19, 2009, decision of Immigration Judge ("IJ") Barbara A. Nelson, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiong Chen*, No. A093 397 420 (B.I.A. Sept. 25, 2009), *aff'g* No. A093 397 420 (Immig. Ct. N.Y. City Feb. 19, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B).

Substantial evidence supports the agency's adverse credibility determination. Under the REAL ID Act, considering the totality of the circumstances, a trier of fact may base a credibility determination on, among other factors, the

2

consistency between the applicant's written and oral statements, the consistency of such statements with other evidence of record, and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Here, the agency reasonably relied on: (1) Chen's omission from his asylum application and the supporting documents of any allegation that he actively resisted the family planning cadres; (2) inconsistencies between Chen's testimony that he and his wife went into hiding in his aunt's house in October 1998 and his aunt's letter, which indicates they went into hiding in July 1998; and (3) a lack of reliable corroboration. *See id*. While the IJ's finding that Chen's wife failed to indicate in her letter that she was subjected to a forced abortion was unsupported by the record, remand due to this erroneous finding would be futile as the IJ relied on "substantial evidence in the record" which, "considered in the aggregate," supported her adverse credibility determination, and therefore "disregarding those aspects of the IJ's reasoning that are tainted by error, we can state with confidence that the same decision would be made were the petition remanded." *Xiao Ji*

3

*Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338-39 (2d Cir. 2006). Moreover, the agency did not err in declining to credit the explanations Chen offered for the discrepancies. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). Thus, the agency's adverse credibility determination with respect to Chen's family planning claim was fatal to his application for asylum and withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir. 2006).

To the extent Chen claimed that he suffered past persecution on account of his attempted illegal departure from China, the agency reasonably concluded that the harm Chen suffered did not rise to the level of persecution. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006). Rather, the record supports the IJ's findings that the treatment Chen experienced constituted prosecution for his crime of departing without permission rather than persecution. *See Saleh v. U.S. Dep't of Justice*, 962 F.2d 234, 239 (2d Cir. 1992) ("Punishment for violation of a generally applicable criminal law is not persecution.").

Furthermore, the agency reasonably concluded that Chen failed to establish that he would be subjected to future persecution or torture on account of his illegal departure

4

where the 2007 Department of State Profile of Asylum Claims and Country Conditions indicates that Chinese citizens returned from the United States are generally not harmed or mistreated. *See Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir. 2006); *Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159-60 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk